(77 South. 238)

AUSTELL v. McCAMPBELL. (8 Div. 513.)

(Court of Appeals of Alabama. Nov. 27, 1917.)

APPEAL AND ERROR ☞1015(2) — GRANTING NEW TRIAL—CREDIBILITY OF WITNESSES.

An order granting a new trial where the evidence is in sharp conflict will not be disturbed.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action between Joe Austell and C. C. McCampbell. Verdict for the former, and from an order granting a new trial, he appeals. Affirmed.

Bouldin & Wimberly, of Scottsboro, for appellant. Milo Moody, of Scottsboro, for appellee.

BROWN, P. J. This is an action to recover an alleged balance due the plaintiff from the defendant, on the purchase price of a barber shop. It appears from the evidence that the plaintiff, a short time before the transaction out of which this suit arises, had opened up a barber shop in Scottsboro, and to the end of procuring the necessary fixtures and materials for this purpose had borrowed the sum of $200 from one Gregory, for which he had given his note, with surety. This $200 he had expended in the purchase of materials and fixtures, and having the same shipped from Nashville to Scottsboro, leaving a small balance due one Weis, from whom he purchased the materials and fixtures, secured by a retention of the title by Weis. After the barber shop was in operation, the defendant approached the plaintiff, and after some negotiations purchased the shop from him, agreeing to pay the balance due Weis, as to the amount of which there is some conflict in the evidence, and to pay plaintiff $200 or assume the payment of the note to Greg-

ory, and to employ the plaintiff at $50 per month for one year, commencing on December 11, 1914. It appears that without any controversy or disagreement between the parties, plaintiff performed this contract up until November 18, 1915, or within 21 days of the end of the term. At this time the plaintiff and defendant had some disagreement, resulting in the plaintiff leaving the employ of the defendant. Defendant's contention is that the plaintiff agreed that if defendant would release the plaintiff from his obligation to perform the balance of his contract by working the 21 days, the plaintiff would release him from his obligation to pay the balance on the contract price of the barber shop, to wit, $200. On the other hand, plaintiff's contention is that the defendant merely released him from fulfilling his contract, by consenting for him to leave his employ, and that he did not release defendant from the obligation to pay the balance due him.

These were the litigated facts in the case, and as to them the evidence is in sharp conflict. The trial judge had the witnesses before him, and was in a better position to judge their credibility than we are, and after careful consideration of the evidence in the case, we are not convinced that the order granting a new trial was erroneous.

The order appealed from is therefore affirmed.

Affirmed.